IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS KOZIEL,

    Plaintiff,

    v.

TEXAS EASTERN TRANSMISSION, L.P.

    Defendant.

13cv1197
**ELECTRONICALLY FILED**

# MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DISMISS AND/OR TO STRIKE (DOC. NO. 7)

## I.    Introduction

This case centers on personal injuries Plaintiff, Thomas Koziel, allegedly suffered as a result of a loud and high-pitched noise emitted from a nearby natural gas compressor station. Doc. No. 1-3. Jurisdiction is based upon diversity of citizenship. Id. The case was removed from the Court of Common Pleas of Fayette County by Spectra Energy Corp., Spectra Energy Transmission Services, LLC, and Texas Eastern Transmission. Doc. No. 1-1. After a Stipulation of Dismissal was filed, Texas Eastern Transmission, LP is the sole remaining Defendant. Doc. No. 3. Defendant has moved to dismiss Count II of Plaintiff's Complaint, strict liability, or in the alternative to strike paragraph 21(f). Doc. No. 7.

## II.    Statement of Facts

The facts of the case, taken as true from Plaintiff's Complaint solely for the purposes of this Memorandum Order are:

Plaintiff resides in Uniontown, Pennsylvania, approximately 500 feet from the Uniontown Compressor Station. Doc. No. 1-3, ¶ 1. The Compressor Station is owned and

operated by Defendant and used in the natural gas industry. Id. at ¶ 3. Plaintiff's property includes a garage which is approximately 670 feet from the Compressor Station. Id. at ¶ 1. The garage is constructed of metal. Id.

On December 31, 2010, a high-pitched sound was emitted from the Compressor Station for approximately fifteen (15) minutes. Id. at ¶ 5. Plaintiff was in his garage at the time; the noise was amplified by the metal structure. Id. Plaintiff phoned an emergency number related to the plant and was told that a response team was on its way. Id. at ¶ 6. Plaintiff also dialed 911. Id. at ¶ 7. Emergency services responded. Id.

Employees of Spectra Energy confirmed the sound had emanated from the Compressor Station and told Plaintiff that the noise was caused by a frozen valve. Id. at ¶ 9. Plaintiff has experienced severe health problems related to his hearing and sleep because of his exposure to the noise. Id. at ¶¶ 10-13.

### III.  Standard of Review

**Federal Rule of Civil Procedure 12(f)**

Under Fed. R. Civ. P. 12(f), the Court may, on its own or on a timely motion made by either party, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Simmons v. Nationwide Mutual Fire Ins. Co.*, 788 F.Supp.2d 404, 407 (W.D. Pa. 2011) (citing *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F.Supp.2d 393, 402 (E.D. Pa. 2002).

While "a court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)," a motion to strike is "not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if

the allegations confuse the issues in the case." *Thornton v. UL Enterprise, LLC*, 2010 WL 1004998, *1 (W.D. Pa. Mar. 16, 2010); *see In re Fine Paper Antitrust Litig.*, 751 F.2d 603 (3d Cir. 1985). "Striking some or all of a pleading [] is considered a drastic remedy to be resorted to only when required for the purpose of justice." *Tennis v. Ford Motor Co.*, 730 F.Supp.2d 437, 443 (W.D. Pa 2010).

Motions to strike must be decided on the pleadings alone, and the Court should consider the liberal pleading standards of Rule 8 and the lack of a developed factual record at this early stage of litigation. *Simmons*, 788 F.Supp. at 407.

**IV. Discussion**

Plaintiff alleges two causes of action: Count I: negligence and Count II: Strict liability/abnormally dangerous ultra-hazardous activity. Doc. No. 1-3.

*A. Count II: Strict Liability*

Plaintiff concedes to Defendant's Motion to Dismiss Count II: strict liability. Therefore, Defendant's Motion to Dismiss Count II will be **GRANTED WITHOUT OBJECTION**.

*B. Motion to Strike Paragraph 21(f)*

Defendant moved this Court to strike paragraph 21(f) of Plaintiff's Complaint which sets forth that "The Defendants breached their duty to Plaintiff . . . in failing to timely and appropriately address the incident of 13/31/10." Doc. No. 1-3. Viewing paragraph 21(f) in the light most favorable to Plaintiff, the allegation relates to Defendant's negligence while the high-pitched sound was being emitted from the plant, *i.e.* allowing the sound to continue for approximately 15 minutes. As stated by Plaintiff, these allegations relate to the incident itself, not any remedial or post-incident actions/inactions. Such allegations are supported by the factual averment included in Plaintiff's Complaint. Defendant, in its Reply Brief, concedes that with

3

Plaintiff's clarification that paragraph 21(f) is solely related to action or inaction during the incident, there is "no further objection."  Doc. No. 11, 2.  Therefore, Defendant's Motion to Strike paragraph 21(f) will be **DENIED AS MOOT**.

V.      **Conclusion/Order**

For the foregoing reasons, the following Order is entered: AND NOW, this 24th day of September 2014, IT IS HEREBY ORDERED THAT Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**.  Defendant's Motion to Dismiss is **GRANTED WITHOUT OBJECTION**.  Count II of Plaintiff's Complaint, strict liability, is **DISMISSED WITH PREJUDICE**.  Defendant's Motion to Strike paragraph 21(f) is **DENIED AS MOOT and said paragraph is deemed to relate solely to allege a breach of duty by Defendant before and during the incident at issue**.

s/ Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:     All Registered ECF Counsel and Parties